IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRYANT ELLIOTT DAVIS #320951        *

    Plaintiff,        *

      v.        *   Civil Action No. WDQ-07-1639

CLERK OF COURT        *
    Defendant.

## **MEMORANDUM**

In this 42 U.S.C. § 1983 action, Plaintiff alleges that his constitutional rights were violated when the Clerk of this Court failed to mail to him copies of orders entered in *Davis v. Leatherwood*, Civil Action No. WDQ-07-223 (D. Md. 2007) and *Davis v. United States*, Civil Action No. WDQ-07-1018, in contravention of the Court's directives. Paper No. 1. Because he appears indigent, Plaintiff shall be granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the Court concludes that dismissal is appropriate.

The docket in *Davis v. Leatherwood*, Civil Action No. WDQ-07-223 (D. Md. 2007) reflects that the Clerk mailed copies of the Memorandum and Order of dismissal to Plaintiff under the name and address he had provided to the Court. The mail was returned to the Court undeliverable. As the mailing address matched the name and address provided to the Court by Plaintiff, no further action was taken.[1]

The docket in *Davis v. United States*, Civil Action No. WDQ-07-1018 (D. Md. 2007) and related case *United States v. Davis*, Criminal No. WDQ-03-412 (D. Md. 2003) does not reflect that the Memorandum and Order were returned to the Court. The Memorandum and Order dismissing Davis' successive Motion to Vacate was entered on May 2, 2007. Davis entered a Motion for Leave

---

[1]Plaintiff states in his complaint that he is known as Briant Elliott Davis, aka Bryant Elliott Davidson. If the Division of Corrections lists Plaintiff as Bryant Elliott Davidson, this would explain why the mail was returned to the Court, since the name and identification number on the envelope would not have matched Division of Corrections records.

to Appeal on June 1, 2007. *See* Docket Numbers 71, 72, and 73 in Criminal No. WDQ-03-412. Plaintiff states that his family searched the Court docket and discovered that his Motion to Vacate had been denied and he filed a "simple" motion to appeal. He states that he has been prejudiced because he did not receive the instructions for seeking leave to file a successive Motion to Vacate in the Fourth Circuit Court of Appeals.[2]

Under *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982), the defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." Judges are entitled to such immunity, *See Stump v. Sparkman*, 435 U.S. 349 (1978). Court clerks enjoy derivative absolute immunity when they are acting pursuant to a judicial order or under the court's direction. *See McCray v. Maryland* 456 F.2d 1, 5 (4th Cir. 1972). There is no indication that the Clerk of the Court failed to follow the Court's directives to mail Davis copies of orders entered in any of his cases. Given Plaintiff's factual allegations and the record of proceedings before the Court, Defendant is immune from suit because the Clerk's Office acted in compliance with the Court's orders. That Plaintiff may not have received the orders does not mean that the Clerk failed to mail same. Accordingly, the Complaint must be dismissed.

A separate order follows.

July 24, 2007         /s/
Date         William D. Quarles, Jr.
       United States District Judge

---

[2]Plaintiff's argument is disengenous in that he had previously been advised of the requirements for seeking leave to file a successive motion to vacate when the court denied and dismissed his third motion to vacate. *See Davis v. United States*, Civil Action No. WDQ-06-1394. Moreover, Petitioner is advised that he make seek leave to file a successive petition under § 2255 in the Fourth Circuit Court of Appeals at any time. The Clerk shall be instructed to remail to Plaintiff copies of all of the pertinent documents he states he failed to receive, as well as the instruction packet for filing a successive motion to vacate.